FILED
AUG 1 2 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Surf Moore,)
)
    Plaintiff,)
)
    v.)   Civil Action No. 14-1386
)
Justice Dep't. *et al.*,)
)
    Defendants.)
)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* Complaint and application to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Once again, plaintiff, a resident of Jackson, Mississippi, purports to sue the United States Department of Justice and a construction company in Chicago, Illinois. *See* Compl. Caption. He seeks money damages exceeding $50 million. *See* Compl. at 40-41. Plaintiff claims that defendants have conspired to violate certain constitutional provisions and federal law, *see id.*, at 2, 13-15, but the complaint consists of recitations of constitutional amendments and federal statutes and incoherent statements. Plaintiff has alleged no facts to provide the defendants with adequate notice of a claim. Hence, this case, too, will be dismissed. *See Moore v. Justice Dep't*, No. 14-1218 (UNA) (D.D.C. Jul. 18, 2014) (same); *Moore v. U.S. Justice Dep't*, No. 14-0909 (UNA) (D.D.C. May 28, 2014) (same); *Moore v. Justice Dep't*, No. 14-0624 (UNA) (D.D.C. Apr. 16, 2014) (same); *Moore v. Justice Dep't*, No. 14-0313 (UNA) (D.D.C. Feb. 26, 2014) (same).[1] A separate Order accompanies this Memorandum Opinion.

Date: August 12, 2014

United States District Judge

---

[1] Plaintiff is warned that his persistence in submitting repetitive lawsuits for filing may result ultimately in the Court enjoining him from the privilege of proceeding *in forma pauperis* in future actions. *See Hurt v. Social Security Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) (approving the denial of an abusive litigant's "IFP status prospectively."); *Butler v. Dep't of Justice*, 492 F.3d 440, 446 (D.C. Cir. 2007) ("Butler may continue to engage in this pastime [of filing repetitive actions] if he wishes, but if he chooses to do so here, it will have to be on his own dime."); *see also Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C. Cir. 2000) ("Leave to file a claim *in forma pauperis* has always been a matter of grace, a privilege granted in the court's discretion . . ., and denied in the court's discretion when that privilege has been abused by filing claims or appeals that are frivolous or otherwise not taken in good faith.") (citations omitted).